UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| Kirk BROWN, | : | |
| --- | --- | --- |
| Petitioner, | : | |
| | : | |
| v. | : | Docket No.: 3:98CR39 (PCD) |
| | : | Docket No.: 3:05CV1572 (PCD) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

## RULING ON PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

On October 11, 2005, Petitioner Kirk Brown moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence imposed by this Court on November 2, 1998. On April 26, 2006, Petitioner moved to amend his original Section 2225 motion. For the reasons that follow, Petitioner's motion [Doc. No. 1] is **denied.**

## I. BACKGROUND

On March 10, 1998, a federal grand jury returned an indictment charging Petitioner Brown as follows: Count One, Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; Counts Two through Eleven, Possession with Intent to Distribute and Distribution of Narcotics (cocaine and cocaine base), in violation of 21 U.S.C. § 941(a)(1); Counts Twelve and Thirteen, Possession of Firearms by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Because this case was charged prior to the decision of Apprendi v. New Jersey, 530 U.S. 466 (2000), none of the narcotics charges specified the amount of narcotics involved in those offenses.

Petitioner was arraigned on the indictment on March 23, 1998. On June 12, 1998, the United States filed an Information pursuant to 21 U.S.C. § 851 to establish prior convictions [Doc. No. 27], alleging that Petitioner had one prior felony narcotics conviction and triggered the

mandatory minimum 20-year term of imprisonment provided for by 21 U.S.C. § 841(b)(1)(A). On July 7, 1998, the United States filed a subsequent Information pursuant to 21 U.S.C. § 851 [Doc. No. 43] to establish that Petitioner had two prior felony narcotics convictions; this Information triggered the mandatory lifetime term of imprisonment provided for by 21 U.S.C. § 841(b)(1)(A). Around the same time, the government also filed notice of intention to have Petitioner treated as an Armed Career Criminal as provided for by 18 U.S.C. § 924(e) [Doc. No. 42]. If convicted of Counts Twelve and/or Thirteen, Brown would thus be facing not less than 15 years and up to lifetime imprisonment.

On July 27, 1998, the defendant appeared in this Court and entered a guilty plea to Counts One and Thirteen [Doc. Nos. 62, 63]. As part of the plea agreement, the government moved to withdraw the Information filed on July 7, 1998, which triggered the mandatory lifetime term of imprisonment. On November 9, 1998, the Court imposed the mandatory minimum sentence of a 240-month term of imprisonment for Count One and a concurrent 235-month term of imprisonment for Count Thirteen. As provided for in the plea agreement, the government moved to dismiss the remaining counts in the indictment [Doc. No. 72]. No appeal was taken from the sentence of the district court by either Petitioner or the government.

On October 11, 2005, Petitioner filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 for ineffective assistance of counsel in violation of his Sixth Amendment rights [Doc. No. 1]. Petitioner also argued that he was entitled to an evidentiary hearing to review his sentence in light of the Supreme Court rulings in Apprendi v. New Jersey, 530 U.S. 466 (2000), Ring v. Arizona, 536 U.S. 584 (2002), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). The government failed to comply

with a Court order requiring it to respond to Petitioner's motion by December 23, 2005 [Doc. No. 4]. Petitioner filed a motion to amend his § 2255 motion on April 26, 2006, arguing that, pursuant to the Second Circuit's decision in Campusano v. United States, 442 F.3d 770 (2d Cir. 2006), his counsel was *per se* ineffective by failing to file an appeal as requested by Petitioner even though he waived his right to an appeal in the plea agreement. The government filed a response to both of Petitioner's briefs on December 1, 2006.

## II. DISCUSSION

As a threshold question, the Court must determine whether Petitioner's § 2255 motion is timely. In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, § 105, 110 Stat. 1220 ("AEDPA"), which amended 28 U.S.C. § 2255 in several respects. In particular, a one-year statute of limitations was enacted for § 2255 filings. AEDPA provides that the one-year limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. In most cases, the operative date from which the limitation period is measured will be the one identified in subsection (1), the date on which the judgment of conviction becomes final. Dodd v. U.S., 545 U.S. 353, 357 (2005). In this case, application of this operative date dictates a clear result. Petitioner's claims are time-barred because the § 2255 motion was filed more than a year after his conviction became final, and he has not shown that he

is entitled to equitable tolling. Petitioner was sentenced on November 9, 1998, and his conviction became final ten days later when the period to file an appeal expired. Moshier v. U.S., 402 F.3d 116, 118 (2d Cir. 2005) ("for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). However, Petitioner waited until October 11, 2005, to file his § 2255 motion, nearly seven years after his conviction became final. Because Petitioner has failed to demonstrate that he qualifies either for an exception to the statute of limitations or for equitable tolling,[1] Petitioner's § 2225 motion is procedurally barred.

In his filings, Petitioner claims he is entitled to retroactive relief under the Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005), line of cases, in which case he would qualify for an exception to AEDPA's statute of limitations under § 2255(3). Petitioner contends his Sixth Amendment rights were violated when the Court adopted sentencing enhancements based on facts not stated in his indictment regarding the quantity of drugs involved in his offense. However, the Second Circuit has made it clear that the Apprendi and Blakely line of cases may not be applied retroactively to petitioners seeking habeas corpus relief for criminal cases that became final on direct review before the Supreme Court issued these

---

[1] The one-year statute of limitations of AEDPA may be equitably tolled where "extraordinary or exceptional circumstances" prevented the petition from being filed in a timely manner, but only if the prisoner "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000); see also Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005); Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004). The burden is on the petitioner to show that the Court should toll the statute of limitations. Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir.2001). Examples of where courts have tolled the statute include "egregious attorney misconduct, the intentional confiscation of legal papers by prison authorities, serious physical or mental illness which prevents the petitioner from filing, or where a petitioner, through no fault of his own, first learns of the outcome of a final appeal after the time for seeking habeas has expired." Khan v. U.S., 414 F. Supp. 2d 210, 216 (E.D.N.Y. 2006) (citations omitted). Petitioner has made no showing as to why this Court should equitably toll the statute of limitations.

decisions. Coleman v. United States, 329 F.3d 77, 89 n.10 (2d Cir. 2003) (declining to apply Apprendi rule retroactively to § 2255 motions); Green v. United States, 397 F.3d 101, 102-03 (2d Cir. 2005) (holding neither Booker nor Blakely apply retroactively to collateral challenges); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005) ("Booker is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker was issued."). Accordingly, Petitioner is not entitled to an exception to 1-year statute of limitations, and his § 2255 motions must be denied as time-barred.

Petitioner rightly contends that the government's arguments should not be afforded full merit considering the fact that the government failed to comply with this Court's order to respond to Petitioner's original motion in December, 2005. The government is obliged, just as any other party, to comply with the Court's scheduling orders, whether in regards to a Section 2255 motion or to any other matter. However, given the fact that Petitioner's motion was filed long after the statute of limitations period had expired, the government's actions in this matter are relatively inconsequential. Regardless of the timeliness of the government's response or the potential merits of Petitioner's motions, his motions are procedurally time-barred, and the Court's inquiry must end there. Petitioner's Motion to Vacate, Set Aside, or Correct his sentence [Doc. No. 1] is therefore **denied.**

SO ORDERED.

Dated at New Haven, Connecticut, this  20th  day of June, 2007.

                                              /s/
                                  Peter C. Dorsey, U.S. District Judge
                                  United States District Court